NUNC PRO TUNC
 OPINION
On December 1, 1997, State Automobile Mutual Insurance Company ("State Auto") filed a declaratory judgment action against John and Shanne Lopez, averring that it issued the Lopezes a policy of homeowner's insurance effective June 30, 1997 through December 3, 1997. State Auto further averred that on October 11, 1997, Mr. Lopez was operating a motor vehicle occupied by his wife, Shanne Lopez, and that a collision occurred resulting in personal injury to Mr. and Mrs. Lopez. The Lopezes presented State Auto with a claim for underinsured motorist benefits under the homeowner's insurance policy. State Auto sought a declaration that the homeowner's policy was not an automobile or motor vehicle liability policy of insurance as defined in R.C. 3937.18(L), effective September 3, 1997; R.C. 3937.18 has no application; and underinsured motorist coverage is not extended because the homeowner's policy was not a policy of insurance issued for delivery in Ohio with respect to any particular motor vehicle registered or principally garaged in Ohio. State Auto also sought a declaration that neither John nor Shanne Lopez was an insured for purposes of recovering underinsured motorist benefits under the homeowner's policy and that the homeowner's policy excluded coverage for any claims arising out of the ownership, maintenance, use, loading or unloading of motor vehicles.
On December 16, 1997, the Lopezes filed an answer and counterclaim. The counterclaim sought a declaration that the homeowner's policy provided un-insured/underinsured motorist coverage of $300,000 per occurrence. The counterclaim also sought judgment against State Auto for $300,000. On July 27, 1998, the Lopezes filed a motion for leave to file a first amended answer and counterclaim instanter. This motion was granted. The first amended counterclaim added a third claim against State Auto for uninsured/underinsured motorist coverage under an automobile policy of insurance issued by State Auto. The Lopezes sought judgment against State Auto for $100,000 on this third claim.
On September 1, 1998, State Auto filed a motion for summary judgment asserting the trial court should declare that the homeowner's policy was not an automobile or motor vehicle liability policy and, therefore, R.C. 3937.18 had no application. On September 8, 1998, the Lopezes filed a motion for partial summary judgment on their declaratory judgment claim. Specifically, the Lopezes sought summary judgment on the issue of whether the homeowner's policy provided uninsured/underinsured motorist coverage of $300,000 for damages arising out of the motor vehicle collision with an underinsured motorist. The parties filed stipulations.
On November 24, 1998, the trial court rendered a decision denying State Auto's motion for summary judgment and granting the Lopezes motion for partial summary judgment on their counterclaim. On December 22, 1998, the trial court filed a journal entry stating there was no just cause for delay and that in accordance with Civ.R. 54(B), there was a final, appealable order.[2] State Auto (hereinafter "appellant") has appealed to this court, assigning the following as error:
 The Trial Court erred in granting Defendants' Motion for Partial Summary Judgment, and denying Plaintiff's Motion for Summary Judgment.
The main issue in the case at bar is whether the Lopezes (hereinafter "appellees") are entitled to recover uninsured/underinsured motorist benefits under their homeowner's policy for damages arising out of an automobile accident with an underinsured tortfeasor. This issue was decided below in the context of summary judgment. Summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party, (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. Zivich v. MentorSoccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-370, citingHorton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, paragraph three of the syllabus. Our review of the appropriateness of summary judgment is de novo. Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35.
The trial court found that this court's decision inGoettenmoeller v. Meridian Mutual Ins. Co. (June 25, 1996), Franklin App. No. 95APE11-1553, unreported (1996 Opinions 2499), discretionary appeal not allowed in (1996), 77 Ohio St.3d 1486, applied to the facts in the case at bar and that by operation of law, uninsured motorist coverage existed under appellees' homeowner's policy. Appellant contends the trial court erred in granting partial summary judgment in favor of appellees because the homeowner's policy at issue did not constitute an automobile or motor vehicle liability policy as defined in R.C. 4509.01(L), would never have been approved for issuance as a motor vehicle liability policy, would not qualify as proof of financial responsibility under R.C. 4509.01(K), was not issued with respect to any particular motor vehicle, and did not provide liability coverage to motor vehicles subject to registration. In addition, appellant asserts that Goettenmoeller is distinguishable. For the reasons that follow, we conclude that partial summary judgment in favor of appellees finding uninsured/underinsured motorist coverage existed under the homeowner's policy by operation of law was appropriate.
We note first that the homeowner's policy was in effect from June 30, 1997 through December 3, 1997. For purposes of determining the scope of coverage of an underinsured motorist claim, the statutory law in effect at the time of entering into a contract for automobile liability insurance controls the rights and duties of the contracting parties. Ross v. Farmers Ins. Groupof Cos. (1998), 82 Ohio St.3d 281, syllabus. This same principle applies to the issue(s) presented herein. Hence, former R.C.3937.18, in effect at the time the parties entered into the homeowner's policy, applies. Former R.C. 3837.18 stated, in pertinent part:
 (A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the following coverages are provided to persons insured under the policy for loss due to bodily injury or death suffered by such persons:
 (1) Uninsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage * * * .
 (2) Underinsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage * * * .
Appellees argue that the policy at issue herein constitutes an automobile or motor vehicle liability policy of insurance and, therefore, they are entitled to uninsured/underinsured motorist coverage under such policy by operation of law.[3] The homeowner's policy states, in pertinent part:
COVERAGE E — Personal Liability
 If a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage caused by an occurrence to which this coverage applies, we will:
 1. pay up to our limit of liability for the damages for which the insured is legally liable * * *
* * *
 Coverage E — Personal Liability and Coverage F — Medical Payments to Others
do not apply to bodily injury or property damage:
* * *
e. arising out of:
 (1) the ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances, including trailers, owned or operated by or rented or loaned to an insured;
 (2) the entrustment by an insured of a motor vehicle or any other motorized land conveyance to any person; or
 (3) statutorily imposed vicarious parental liability for the actions of a child or minor using a conveyance excluded in paragraph (1) or (2) above.
This exclusion does not apply to:
* * *
 (2) a motorized land conveyance designed for recreational use off public roads, not subject to motor vehicle registration and:
(a) not owned by an insured; or
 (b) owned by an insured and on an insured location. (Emphasis added.) See, The Securgard Homeowners Policy at 10-11.
Appellees contend that the policy constitutes an automobile or motor vehicle liability policy of insurance because it provides coverage for liability arising out of the use of certain motorized recreational vehicles. Appellees rely upon this court's opinion in Goettenmoeller, supra, in support of its contention. In Goettenmoeller, this court found that a farmowner's policy of insurance constituted an automobile or motor vehicle liability policy of insurance because it provided coverage, albeit in limited circumstances, for the use of a recreational vehicle. Id. at 2504-2505. A recreational vehicle is a "motor vehicle" for purposes of former R.C. 3937.18. Id. at 2504. Further, given the general principle that insurance policies are to be strictly construed against the insurer and since former R.C. 3937.18 is remedial in nature and is to be liberally construed in favor of the insured, this court found that the limited coverage in the farmowner's policy for use of a motor vehicle was sufficient to render such policy a motor vehicle liability policy for purposes of former R.C. 3937.18. Id. at 2505.
The homeowner's policy here, as the farmowner's policy in Goettenmoeller, provides coverage for liability arising out of the use of recreational vehicles in limited circumstances. Appellant contends that Goettenmoeller is distinguishable because the homeowner's policy, unlike the farmowner's policy inGoettenmoeller, does not provide liability coverage for motor vehicles that are subject to motor vehicle registration, and former R.C. 3937.18 only applies to policies issued with respect to registered motor vehicles. However, as appellees point out, former R.C. 3937.18(A) applies not only to motor vehicles registered in this state, it also applies to motor vehicles principally garaged in this state. Hence, the fact that the homeowner's policy here does not provide coverage for recreational vehicles subject to motor vehicle registration does not preclude application of former R.C. 3937.18(A).
Appellant further argues that the homeowner's policy is not an automobile or motor vehicle liability policy because it would never be approved for issuance as a motor vehicle policy and would not qualify as proof of financial responsibility under R.C.4509.01(K). Appellant points to the affidavit of Ed Bernans, Policy Form Administrator for appellant, in support of such contention. However, this argument has been rejected in a recent Ohio Supreme Court decision. In Selander v. Erie Ins. Group
(1999), 85 Ohio St.3d 541, 546, the Supreme Court stated that the fact that the policy at issue would not comply with the mandates of R.C. Chapter 4509 did not conclusively demonstrate the policy was never intended to provide uninsured/underinsured motorist coverage. The Supreme Court went on to indicate that the type of policy is determined by the type of coverage provided, not by the label affixed by the insurer. Id., quoting St. Paul Fire MarineIns. Co. v. Gilmore (1991), 168 Ariz. 159, 165, 812 P.2d 977, 983. The policy in Selander did provide automobile liability coverage in limited circumstances, which was sufficient to give rise to uninsured/underinsured coverage. Selander at 546. Accordingly, appellant's argument is without merit.
Lastly, appellant asserts that the homeowner's policy is not an automobile or motor vehicle liability policy under former R.C. 3937.18(A) because it was not issued with respect to any particular motor vehicle. However, a similar argument was rejected in Selander. In Selander, the following issue was certified for the Supreme Court's determination:
 Do the provisions of [former] R.C. 3937.18 apply to a policy of primary insurance which provides coverage for claims of liability arising out of the use hired or non-owned automobiles, but is not issued for delivery with respect to some particular vehicle? Id. at 542.
The Supreme Court answered the above question in the affirmative. Id. In so determining, the Supreme Court rejected this court's holding in Mauler v. Westfield Ins. Co. (Sept. 28, 1989), Franklin App. No. 88AP-914, unreported (1989 Opinions 3739), that the policy must be issued with respect to some particular motor vehicle in order to provide uninsured/underinsured coverage under former R.C. 3937.18.Selander at 544. Instead, the Supreme Court agreed with the rationale in Speelman v. Motorists Mut. Ins. Co. (Dec. 22, 1995), Montgomery App. No. 15362, unreported, wherein the court of appeals concluded uninsured/underinsured motorist coverage was extended despite the fact that the policy failed to identify specific vehicles. Selander at 544.
We believe the general principles set forth in Selander
on this issue apply to the case at bar. Again, the key is whether or not, as stated in former R.C. 3937.18(A), the policy provides automobile or motor vehicle liability coverage "with respect to any motor vehicle registered or principally garaged in this state." As we have already determined, the homeowner's policy here does indeed provide motor vehicle liability coverage for recreational vehicles (which are motor vehicles). Given that former R.C. 3937.18 is a remedial statute and should be liberally construed in favor of the insured, we find former R.C. 3937.18
applies to the homeowner's policy even though such policy was not issued for delivery with respect to some particular motor vehicle.
Having concluded that former R.C. 3937.18(A) applies to the homeowner's policy herein, uninsured/underinsured motorist coverage is extended to appellees by operation of law in an amount equal to the liability coverage of the homeowner's policy. SeeSelander at 546; Goettenmoeller at 2501. Therefore, partial summary judgment in favor of appellees on their counterclaim for declaratory judgment was appropriate. Accordingly, appellant's assignment of error is overruled.
Having overruled appellant's sole assignment of error, the judgment of the Franklin County Court of Common Pleas is affirmed, and this cause is remanded to such court to conduct further appropriate proceedings.
Judgment affirmed and cause remanded.
DESHLER and PETREE, JJ., concur.
[2] We find as a matter of law that the judgment at issue affected a substantial right, was made in a special proceeding and was a final, appealable order.
[3] There is no dispute that the homeowner's policy herein did not contain uninsured/underinsured motorist coverage provisions.